UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| PASQUALE VALENTIN, | 13-CV-4290 (WFK)(LB) |
| | FIRST |
| | AMENDED |
| Plaintiff | COMPLAINT |
| | AND JURY |
| -against- | DEMAND |
| THE CITY OF NEW YORK, | |
| NEW YORK CITY POLICE OFFICERS | |
| CARLOS CANO, Shield No: 19581 | |
| MICHAEL JOHNSTON, Shield No: 28795 | |
| NEW YORK CITY POLICE SERGEANT | |
| RYAN GILLIS, Shield No: 5086 | |
| Defendants. | |

------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.        This is a Civil Rights action in which Plaintiff Pasquale Valentin seeks redress for the Defendants violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2.        Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3), this being an action seeking redress for the violation of Plaintiffs Constitutional and Civil Rights.   The amount of damages in controversy exceeds One Hundred Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3.        Plaintiffs claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

1

4.  The Plaintiff further invokes this Courts pendant jurisdiction pursuant to 28 U.S.C. § 1367 (a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6.  Venue is proper for the United State District Court of the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

7.  Plaintiff PASQUALE VALENTIN is a United States Citizen and resident of the United States and is at all times herein relevant is a resident of the State of New York, having an address at 120 Beach 19th Street, 5E, Far Rockaway, New York 11691.

8.  Defendant New York City Police Officers Carlos Cano and Michael Johnston and New York City Police Sergeant Ryan Gillis are and at all times relevant, officers and employee agents of the NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendants Cano, Johnston and Gillis (hereinafter "the Officers") are sued individually and in their official capacity.  At all times relevant, the Officers were acting under the color of State law in the course and scope of their duties and functions as agents, servants, employees and Officers of Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.  The Officers were acting for and on behalf of the NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and incidental to their lawful pursuit of their duties as officers, employees and

agents of Defendant NEW YORK CITY POLICE DEPARTMENT.

9.	Plaintiff participated in a 50H hearing with the City of New York and did serve a Notice of Claim within 90 days of the occurrences complained of herein.

10.	Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department, which acts as its agent in the area of law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT.

11.	The New York City POLICE DEPARTMENT is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

**STATEMENT OF FACTS**

12.	On or about May 5, 2012 Plaintiff was lawfully in the County of Queens, at St. John's Episcopal Hospital, 327 Beach 19th Street, Far Rockaway, New York. Plaintiff had been transported to said hospital after mistakenly ingesting a quantity of controlled substances.  Plaintiff had been transported by ambulance with one of the officers mentioned herein.  Plaintiff had been improperly strapped into a stretcher.  The trip to the hospital occurred without incident.  When the ambulance arrived at said hospital, the Officer exited the ambulance. Plaintiff removed the straps he had on his body to exit the ambulance as well.  A presumed employee of the hospital entered the ambulance and notified the officers that Plaintiff had removed some of the straps on his person.  The officers acting together and in concert responded by assaulting Plaintiff who had made no threats to anyone nor had he committed any crime.  The

Officers acting together and in concert responded by improperly holding Plaintiff down while one of the named Officer's proceeded to snap and twist Plaintiffs right arm causing Plaintiffs right elbow to become dislocated, requiring closed reduction surgery to correct. The assault included many other illegal acts on the part of the officers that Plaintiff hereby gives notice to as well. Plaintiff was not arrested or charged with any crime. Plaintiff was in the hospital for two days and will require ongoing treatment and therapy.

13.	Plaintiff was not arrested nor was he charged any crimes.

## FIRST FEDERAL CLAIM
**Violation of the Right secured by 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution (Excessive Force)**

14.	Plaintiff incorporates paragraphs "1" through "13" as if fully set forth herein.

15.	Upon information and belief, the conduct of defendant Officers acting under color of State Law, violated 42 U.S.C. 1983 by unlawfully restraining Plaintiff and snapping his arm to the point it was dislocated requiring surgery and causing Plaintiff to suffer severe physical and emotional pain, loss of wages, public humiliation and further requiring extensive medical treatment.

16.	That the actions of Defendant Officers occurred in and during the course and scope of their duties and functions as a New York City Police Officers and while acting as agents and employees of the NEW YORK CITY POLICE DEPARTMENT and defendant CITY OF NEW YORK, resulting in the aforementioned harm to Plaintiff.

## SECOND FEDERAL CLAIM
**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution (Due Process Violation)**

17.	Plaintiff incorporates paragraphs "1" through "16" as if fully set forth herein.

18.	That upon information and belief, the conduct of Defendant Officers acting under the color of State law violated 42 U.S.C. 1983 by unlawfully detaining Plaintiff in the ambulance when Plaintiff had committed no crime and was lawfully free to leave.

19.	Plaintiff as a result of the Officers' actions was caused to suffer serious and debilitating physical injuries, the extents of which are unknown at this time.

20.	That the actions of Defendant Officers occurred in and during the course and scope of their duties and functions as New York City Police Officers and while acting as agents and employees of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned harm to Plaintiff.

### THIRD FEDERAL CLAIM
**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

21.	That defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT maintain a policy where people believed to be emotionally disturbed or under the influence of narcotics and being taken for emergency care must be restrained and detained regardless of their medical conditions and are not to be released until the Officers in charge decide to release the individual to medical care personnel. That said policy violates the rights of Plaintiff and those similarly situated to plaintiff and was a direct and proximate cause of the injuries complained of herein.

### FIRST STATE LAW CLAIM

22.	That the actions of Defendants New York City Police Officers resulted in the unlawful detention, restraining and malicious assault of Plaintiff and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**SECOND STATE LAW CLAIM**

23.	That the actions of Defendants CITY OF NEW YORK by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officers Cano, Johnston and Gillis resulted in the unlawful detention, assault and battery, and physical injury of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**THIRD STATE LAW CLAIM**

24.	That the actions of Defendant New York City Police Officers were a reckless and negligent restraining upon the person of Plaintiff causing him to suffer severe pain and physical injury requiring emergency medical care, surgery, a shoulder sling, and to suffer other injuries, the extent of which are unknown at this point.

**FOURTH STATE LAW CLAIM**

25.	That the actions of defendant CITY OF NEW YORK by negligently hiring, training, screening, supervising and or instructing defendants New York City Police Officers and Sergeant named herein, through the doctrine of Respondeat Superior, resulted in injuries plaintiff complains of herein.

**WHEREFORE**, the Plaintiff demands the following relief jointly and severally against all Defendants:

    a)	Compensatory Damages for Plaintiff.
    b)	Punitive Damages against Defendants Cano, Johnston and Gillis.
    c)	Punitive Damages against Defendant City of New York.
    d)	A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action and Attorneys fees.
    e)	Such other and further relief this Court may deem necessary and appropriate, including declaratory relief.

Dated:  New York, New York
        December 19, 2013

                                        Yours etc.,

                                              /s/

                                        LAW OFFICE OF ROBERT OSUNA, P.C.
                                        By:  Robert Osuna, Esq.
                                        Office and P.O. Address
                                        Attorneys for Plaintiff
                                        11 Park Place, Suite 600
                                        New York, NY 10007
                                        Tel. 212.233.1033